IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KEVIN D. JONES
ADC #112114                                                      PLAINTIFF

v.                          No. 5:18-cv-6-DPM

ROMONA HUFF, Health Service
Supervisor, CCS; JOE PAIGE, Warden,
Tucker Unit, ADC; RON BAILEY, Captain,
Tucker Unit, ADC; and HENERY, Doctor              DEFENDANTS

## ORDER

**1.** On *de novo* review, the Court adopts the recommendation, № 34, as modified, and overrules both the medical Defendants' and Jones's objections, № 37 & № 39. FED. R. CIV. P. 72(b)(3).

**2.** The Court adopts the recommendation as to grievances TU-17-625, TU-17-626, and T-17-628. In a belated objection, Jones argues for the first time that the Court should excuse his failure to exhaust the first two of these grievances. He says that prison officials routinely fail to return the white copy of the grievance to the inmate so they can later reject the inmate's appeal for failing to attach the necessary paperwork.

This argument fails. When an inmate submits a grievance, he keeps both a yellow copy and a pink copy. Even if Jones had been forced to submit one of those copies to proceed to Step 2—which doesn't appear to have happened here—he still would have had a final

copy to attach to his appeal. № 22-1 at 7–8. Jones's objections are therefore overruled.

**3.** Grievance TU-17-627 presents harder issues. Defendants first argue that Jones failed to exhaust this grievance because he didn't name any of the Defendants in the grievance. Jones's grievance stated that his pacemaker was going off and that he needed to be taken to a doctor or the emergency room. № 21-2 at 9. The ADC could have denied this grievance on procedural grounds: Jones didn't identify anyone in particular who he felt was denying him treatment. But the ADC addressed the merits of Jones's broader complaint. These circumstances are closer to those in *Hammett* than *Burns*. *Compare Hammett v. Cofield*, 681 F3d 945, 947–48 (8th Cir. 2012), *with Burns v. Eaton*, 752 F.3d 1136, 1141–42 (8th Cir. 2014). Defendants' objection is therefore overruled on this issue.

Defendants next argue that Jones failed to exhaust because he didn't appeal the favorable grievance response he received. Exhaustion is an affirmative defense that the Defendants have the burden of proving. *Porter v. Sturm*, 781 F.3d 448, 451 (8th Cir. 2015). As it stands now, though, there's no evidence in the record showing that any more relief was possible after Jones received his surgery. *Booth v. Churner*, 532 U.S. 731 (2001); *see also Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016). The motion for summary judgment is therefore denied without prejudice on this point.

* * *

Bailey and Paige's motion for summary judgment, № 22, granted. Huff and Henery's motion for summary judgment, № 19, partly granted and partly denied without prejudice. Jones's motion for summary judgment, № 28, denied.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

31 August 2018