IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**KEVIN D. JONES,**                                                            **PLAINTIFF**
**ADC #112114**

**V.**                          **CASE NO. 5:18-CV-6-DPM-BD**

**ROMONA HUFF,** *et al*.                                           **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.      Procedures for Filing Objections

This Recommended Disposition ("Recommendation") has been sent to Judge D.P.
Marshall Jr. Parties may file written objections to this Recommendation if they disagree
with its findings or conclusions.

To be considered, objections must be received in the office of the Court Clerk
within 14 days of this Recommendation. If no objections are filed, Judge Marshall can
adopt this Recommendation without independently reviewing the record. By not
objecting, parties risk waiving the right to appeal questions of fact.

### II.     Discussion

A.  Background

On January 8, 2018, Plaintiff Kevin D. Jones, an Arkansas Department of
Correction ("ADC") inmate, filed this civil rights lawsuit without the help of a lawyer.
(Docket entry #2) In his original complaint, Mr. Jones alleged that Defendants Huff,
Henry, and Bailey acted with deliberate indifference to his serious medical needs.
Because Mr. Jones did not adequately explain Defendant Paige's involvement in the

violation of his rights, the Court gave him an opportunity to amend his complaint to explain those claims more fully. (#4)

After Mr. Jones filed his amended complaint, the Court determined that he had stated deliberate-indifference claims against Defendants Huff, Henry, Bailey, and Paige, as well as a retaliation claim against Defendant Paige. (#6)

All Defendants moved for summary judgment after being served, contending that Mr. Jones did not fully exhaust his administrative remedies before filing suit. (#19, #22) The Court granted summary judgment in favor of Defendants Bailey and Paige (ADC Defendants); granted partial summary judgment in favor of Huff and Henry (Medical Defendants); and denied Mr. Jones's motion for summary judgment. (#40) Mr. Jones's claims are now limited to those against the Medical Defendants set out in grievance TU-16-627.

The Medical Defendants have again moved for summary judgment. They again contend that Mr. Jones failed to fully exhaust his administrative remedies as to grievance TU-16-627 before filing this lawsuit. They also argue that Mr. Jones's claims fail on the merits, as a matter of law. (#58) Mr. Jones has responded to the motion; the Medical Defendants have replied; and Mr. Jones has responded to the Medical Defendants' reply. (#64, #65, #66, #67, #68, #69)

B.  Exhaustion

In support of their motion for summary judgment based on a failure to exhaust the grievance process, the Medical Defendants again attach the declaration of Shelly Byers, the ADC Medical Grievance Coordinator. (#60-5) According to Ms. Byers's declaration,

Mr. Jones submitted grievance TU-17-627 on August 1, 2017. He received an

acknowledgement of the unit level and was told that he would receive a response to the

grievance by August 29, 2017. (#2 at p.27) It is undisputed that he did *not* receive a

response by August 29.

Regardless, under the ADC inmate grievance policy, he could have – and was

required to—appeal within five days of August 29 to continue the exhaustion process.

(#60-5 at p.1) Because he did not proceed to the next step within five days of August 29,

Mr. Jones "did not properly complete the grievance process," according to Ms. Byers.

(*Id.*)

Ms. Byers also explains that Mr. Jones failed to appeal the unit-level grievance

response to grievance TU-17-627 that he received on November 1, 2017. If he had done

so, "the Deputy Director's office would have reviewed the medical records for the time

period Mr. Jones complained of and Mr. Jones' current medical records for quality

assurance." (*Id.* at p.2)

Even though Mr. Jones did not appeal the health service response to grievance

TU-17-627, it is undisputed that Defendant Huff found the grievance to be "with merit."

(#2 at p.22) In that grievance, Mr. Jones complained of complications with his pacemaker

and the need to be examined by a cardiologist. (#22-1 at p.9) According to the health

services response to the unit-level grievance, Mr. Jones was "told that [he] had an

appointment which [he] did and [had] now attended which did require a surgery to

replace a lead in [his] pacemaker." (#2 at p.22)

While Mr. Jones did not appeal that grievance decision, the ADC inmate grievance

3

procedure specifically provides that, "[a]fter receiving a response from the Warden, the Health Services Administrator (HSA), the Mental Health Supervisor, or designees, <u>if the inmate is not satisfied</u>, he or she may appeal within five (5) working days . . .." (#60-1 at p.11) (emphasis added) In other words, there is no requirement to appeal a *favorable* decision.

In adopting this Court's recommendation, Judge Marshall specifically stated, "[a]s it stands now, though, there's no evidence in the record that any more relief was possible after Jones received his surgery." (#40 at p.2)

The Medical Defendants attach Mr. Jones's deposition testimony to their pending motion. (#60-3) In his deposition, Mr. Jones explains that there was an ongoing "conflict" after he received the Deputy Director's November 1, 2017 decision. (#60-3 at p.68) He seeks monetary relief for the Medical Defendants' delay in getting him to a cardiologist for examination and treatment. He seeks "medical parole" when he is eventually released from the ADC. (*Id*. at pp.59-60) Moreover, he complains that he has continued to suffer from arrhythmia since problems began with his pace maker in June of 2017. (#60-3 at p.21) He did not raise those issues, however, in grievance TU-17-627.

While Mr. Jones complained about pacemaker problems and expressed a need to be examined by an outside provider, he could not have raised the issues that he complains of in this lawsuit because, at the time that he submitted grievance TU-17-627, he did not know when, or if, he would be examined or treated by a cardiologist. After the cardiologist treated him, Mr. Jones could have filed a grievance complaining about the delay in treatment, but he did not do so. Furthermore, even though Mr. Jones cannot

recover money damages through the grievance process, as the United States Supreme Court made clear in *Booth v. Churner*, 532 U.S. 731, 739 (2001), the Prison Litigation Reform Act requires inmates to complete all levels of the administrative process, even if the process does not permit an award of money damages. The ADC inmate grievance procedure specifically advises inmates that, "they must exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit and Claims Commission claim." (#60-1 at p.18)

After closely examining the issues raised in grievance TU-17-627 and comparing them to the issues raised in this lawsuit, the Court now recommends that Mr. Jones's claims be dismissed based on his failure to exhaust administrative remedies. Mr. Jones has not come forward with any evidence to rebut the Medical Defendants' evidence that he did not fully exhaust claims that the Medical Defendants delayed arranging his cardiology appointment and, thus, caused him injury. Mr. Jones included those claims in a grievance dated October 25, 2017, but there is no evidence that he proceeded to the second step of the ADC inmate grievance process or that he fully exhausted that grievance. (#2 at p.16)

## III.   Conclusion

The Court recommends that the Medical Defendants' second motion for summary judgment (#58) be GRANTED. Mr. Jones's claims against Defendants Huff and Henry should be DISMISSED, without prejudice, based on his failure to exhaust administrative remedies and his motion for judgment on the pleadings (#70) should be denied as moot.

DATED, this 1st day of July, 2019.

UNITED STATES MAGISTRATE JUDGE